UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

| | |
|---|---|
| CLERMONT YORK ASSOCIATES, LLC, | **DECLARATION IN SUPPORT OF MOTION TO REMAND PURSUANT TO 28 USC §1446 and §1447** |
| Petitioner-Landlord, | |
| -against- | No. 07 CV 7331(PKC)(DCF) |
| DAVID GORDON<br>444 East 82nd Street, Apartment 34B<br>New York, New York 10028, | |
| Respondent-Tenant. | |

------------------------------------------------------------X

**Pursuant to 28 U.S.C. Section 1746, RANDI B. GILBERT,** under penalty of perjury declares the following to be true:

1. I am associated with the firm of Horing Welikson & Rosen, P.C., attorneys for the Petitioner Clermont York Associates, LLC ("Clermont") and as such am familiar with the facts and circumstances hereinafter set forth. I submit this Affirmation in support of Petitioner's motion pursuant to 28 USC §1446 and §1447 to remand this case to the Civil Court of the City of New York, County of New York, Housing Part because this Court does not have jurisdiction hereof.

2. That Clermont is a limited liability company organized under the laws of th State of New York and maintains its principal place of business at 7 Penn Plaza Siute 618 Newyork New York 10001. Petitioner Clermont commenced a summary proceeding

against David Gordon (Gordon) due to the fact that in violation of his lease agreement and in violation of the Rent Stabilization Code §2524.3(e) Gordon had unreasonably refused the Owner access to the housing accommodation for purpose of making necessary repairs or improvements required by law.

3.  Due to Gordon's refusal to provide access on or about June 18, 2007 Clermont served Gordon with a Ten Day Notice to Cure. See Exhibit "A" annexed hereto.

4.  Upon the expiration of the Notice to Cure, Clermont served upon Gordon a Notice of Termination. See Exhibit "B" annexed hereto. Upon the expiration of the Notice to Terminate, Gordon was served with a Petition and Notice of Petition for Holdover dated July 25, 2007, returnable before the Landlord/Tenant Court on August 13, 2007. See Exhibit "C".

5.  On or about August 8, 2007 Gordon filed an initial Notice of Removal. See Exhibit "D". Said Notice of Removal was defective. Thereafter. Gordon served a second Notice of Removal dated August 15, 2007. See Exhibit "E"See accompanying Memorandum of Law submitted here with.

6.  As setforth in the accompanying memorandum of law, this Court lacks subject matter jurisdiction to hear this proceeding because(a) there is no diversity jurisdiction as both parties are citizens of the State of New York, and (b) federal law does not provide for federal court jurisdiction over a State Court summary holdover proceeding.

7.  Gordon's Notice of Removal is defective as well pursuant to Title 28 USC §1446 as it lacks all documents attached to the initial proceeding, to wit, the notice to cure and the notice to terminate. Thus the proceeding must be dismissed and remanded to the Civil Court of the City Of New York.

**WHEREFORE** based upon the forgoing it is respectfully submitted this proceeding be remanded to the Civil Court of the City of New York County of New York.

Dated:   Williston Park, New York
         September 12, 2007

/s/
_____
**RANDI B. GILBERT (4392)**

HORING WELIKSON & ROSEN, P.C.
11 Hillside Avenue
Williston Park, New York 11596
(516) 535-1700