UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

CLERMONT YORK ASSOCIATES, LLC,

        Petitioner-Landlord,

        -against-                        No. 07 CV 7331(PKC)(DCF)

DAVID GORDON
444 East 82nd Street, Apartment 34B
New York, New York 10028,

        Respondent-Tenant.

------------------------------------------------------------X

**MEMORANDUM OF LAW**

**Preliminary Statement**

        Clermont York Associates, LLC ("Clermont"), Petitioner-Landlord submits this Memorandum of Law in support of the instant motion to remand this action to the Civil Court of the City of New York, County of New York, Housing Part where it was properly initiated.

        Under Title 28 USC §1441 of the United States Code, the Court does not have jurisdiction over the proceeding as both parties are citizens of the State of New York. Therefore, there is no diversity jurisdiction.

        Further, the action removed is a summary holdover proceeding and thus this court lacks subject matter jurisdiction. Based upon the forgoing this proceeding must be remanded pursuant to 28 USC § 1447.

        As more fully set forth infra, David Gordon ("Gordon") has failed to adhere to the

procedures set forth in 28 USC § 1446(b). Specifically, he has failed to attach all documentation in the subject proceeding that was removed from State Court to Federal Court.

## FACTS

Clermont York Associates LLC is the owner of the premises known as 444 East 82nd Street New York New York, Clermont is a limited liability company organized under the laws of the State of New York and maintains its principal place of business at 7 Penn Plaza Suit 618 , New York , New York  10001   Clermont has undertaken a project to install new windows in all apartments in the building. Clermont has been attempting to gain access to the apartment occupied by tenant Gordon in order to install new windows. Gordon has refused access.  In refusing to provide access,  Gordon has violated section 2524.3(e) of the Rent Stabilization Code. Additionally, he is violating  paragraph "15" of the Lease Agreement entered into December 8, 1976, between himself and the Owner. Based upon his refusal to grant access,  Clermont sent Gordon a Ten Day Notice to Cure dated June 18, 2007.  Thereafter, Clermont served Gordon with a Notice to Terminate dated July 9, 2007.

[1] Upon the expiration of the Notice to Terminate, Gordon was served

---

[1] Clermont understands that,  after receipt of the Notice to Cure, Gordon and another commenced an action in this Court, under Docket No. 07 CV 6624, against various defendants.  Clermont is not a named defendant. The complaint alleges that the defendants  have undertaken a course of conduct under the Racketeer Influenced and Corrupt Organization Act (RICO) 18 USC § 1961, et seq, the Fair Housing Act, 42 USC §3601, et seq., and the Americans With Disabilities Act, 42 USC §12101, et seq. Clermont also understands that Gordon has not served his complaint upon defendants.

by Clermont with a holdover notice of petition and petition dated July 25, 2007, returnable [2] in the Civil Court of the City of New York, County of New York, Housing Part on August 13, 2007.

Gordon allegedly filed a Notice of Removal dated August 8, 2007, and subsequently filed a second Notice of Removal dated August 15, 2007. Pursuant to law the proceeding was removed. It is from this removal that the within motion ensues.

### Argument

**FEDERAL COURT DOES NOT HAVE SUBJECT JURISDICTION OVER THIS MATTER**

It is respectfully submitted that the court lacks subject matter jurisdiction in this matter. It is axiomatic that for removal to be considered proper, the moving party must demonstrate that the federal court is empowered with the requisite subject matter jurisdiction. See, United Mutual Houses LP v. Andujar, 230 F. Supp $2^d$ 349( SDNY 2002). Removal jurisdiction must be strictly construed, as the federal courts are courts of limited jurisdiction and removal of a case implicates significant federalism concerns. United Mutual Houses LP v. Andujar, supra, citing (Frontier, Ins. Co. V. MTN Owners Trust 111 F.Supp.2d 376 at 378(SDNY 2000) (quoting Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941)). The courts have held that all doubts should be resolved in favor of remand." Frontier Id. at 379.

Title 28 USC §1441 sets forth the criteria for removing a state court action

---

[2]

to federal court. The statute provides for the removal of claims over which federal courts had original jurisdiction. 28 USC §1441(a) states that a claim may only be removed to federal court if it could have been filed in a federal court originally. <u>Fax Telecommunications Inc. v. AT&T</u>, 138 F3d 479, 485 (2d Cir. 1998) (federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction)cited by <u>Arslan v. Sunnyside Realty Corp.</u> (2007 WL 1350438). If at any time before final judgment it appears the District Court lacks subject matter jurisdiction, the case must be remanded pursuant to 28 USC §1447.

The Court lacks subject matter jurisdiction over this action because all the parties are citizens of in New York and thus there is no diversity of citizenship pursuant to 28 USC §1441(b)  The case could not have been commenced in this Court originally. Pursuant to law, remand must be granted.

Moreover the Court lacks jurisdiction with regard to the subject matter of the proceeding removed. There are two instances in which a federal court has jurisdiction over a case on removal. First, the claimants, right to relief depends upon the resolution of material question of federal law. <u>See, United Mutual Houses LP v. Andujar</u>, <u>supa</u> . To invoke federal jurisdiction, the claim must arise under the Constitution, laws or treatises of the United States. 28 USC §1331. <u>See Fax Telecommunications</u>, 138 F15 480 citing <u>Caterpillar Inc. v. Williams</u>, 482 US 386, 392 (1997). See, <u>Arslan v. Sunnyside Realty Corp.</u>, <u>supra</u>. Only state court actions that originally could have been filed in Federal Court may be removed to federal court by a defendant. <u>Caterpillar</u>, <u>supra</u>.

In the within proceeding, there is no federal court jurisdiction as the

4

proceeding Gordon removed to federal court is a Housing Court holdover proceeding seeking a final judgment of eviction due to Gordon's failure to abide by the terms of his Residential Lease and the New York Rent Stabilization Law. This action was commenced pursuant to New York State Real Property Actions and Proceedings Law and New York State Law. It is a general principle of law that absent express authorization by statute federal courts cannot entertain a summary proceeding. See Glen 6 Assoc., Inc. v.Dedaj, 770 F.Supp. 225, 228 (S.D.N.Y.1991).There is no federal statutory authorization for adjudication of landlord-tenant disputes. See United Mutual Houses LP v. Andujar, 230 F. Supp. 2d 349 (SDNY 2002) (tenant was not entitled to remove landlord's summary holdover proceeding to federal court even if landlord's motive for seeking to evict tenant was based on a desire to protect itself and its federal tax cuts from regulatory upset; where landlord's state court complaint bases its claim on tenant's alleged violation of lease term not on federal law, the federal court does not have authority to entertain summary proceeding) Arslan v. Sunnyside Realty Corp., supra (landlord's motion to remand granted notwithstanding the tenant's counterclaims in removal petition addressed various federal laws including Truth in Lending Act Fair Debt Collection Practices and Fair Housing Acts). Citations to federal law may not serve as grounds for removal to federal court because only state court actions that originally could have been filed in federal court may be removed to federal court.) Gallard v. Margolis, 05639 2005 WL 1981568(SDNY August 17, 2005). ("Federal courts do not have federal question subject matter jurisdiction over state residential landlord-tenant matters."). This proceeding is not one that could have been commenced originally in federal court. Thus this proceeding must be remanded.

Furthermore, it is well settled that the landlord-tenant relationship is

fundamentally a matter of state law. Hearn v. Lin, No. 01-CV-8208, 2002 WL 720829, at *4 (EDNY Feb. 14, 2002). Generally, federal courts have disclaimed jurisdiction over landlord-tenant disputes and returned them to Housing Court. See id.; see also Soms v. Aranda, No. 00 Civ. 9626, 2001 WL 716945, at *1 (S.D.N.Y. June 26, 2001); Arrey, 101 F. Supp.2d at 227; McAllan v. Malatzky, No. 97 Civ. 8291, 1998 WL 24369, at *2-3 (S.D.N.Y. Jan. 22, 1998), aff'd, 173 F.3d 845 (2d Cir.1999); DiNapoli v. DiNapoli, No. 95 Civ. 7822, 1995 WL 555740, at *1 (S.D.N.Y. Sept. 19, 1995); Glen 6 Assoc., 770 F.Supp. at 228. It is appropriate for a federal court to abstain in landlord-tenant actions, as they involve complex questions of state law that bear on important state policy issues. Soms, supra. Thus, this case must be remanded.

In the within proceeding, Gordon seeks to remove a landlord/tenant's summary proceeding case from state court to federal court alleging Racketeer Influence and Corrupt Organizations Act, Fair Housing Act and Americans with Disabilities Act as well as Constitutional rights to Due Process and Equal Protection. A federal law issue raised by a defendant's defense or counterclaim is not a foundation for removal of a case from State to Federal Court. See Beneficial National Bank v. Anderson, 539 US 1 (2003). The courts have held that a defense that relies on the conclusive effect of a prior federal judgment or the preemptive effect of a federal statute will not provide a basis for removal. See Beneficial National Bank, supra. Therefore there is no basis for removal and the case must be remanded.

Further, pursuant to Title 28 USC § 1446 entitled "Procedure for Removal" the moving party must perform pursuant to the following:

> "A defendant or defendants desiring to remove any civil action

6

or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."

David Gordon failed to attach all of the documentation that was attached to the Petition and Notice of Petition when he served the Petition for Removal. Specifically, he failed to attach the Notice of Termination and Notice to Cure. Thus, the proceeding must be remanded.

## CONCLUSION

It is respectfully requested that this Court grant the within application to remand the proceeding to the Civil Court of the City of New York, County of New York, Housing Part pursuant to Title 28 USC §1447.

Dated:    Williston Park, New York
          September 12, 2007

Respectfully submitted,

**HORING WELIKSON & ROSEN, P.C.**
**By:**

         /s/
_____
**RANDI B. GILBERT**
**Attorneys for Petitioner-Landlord**
**11 Hillside Avenue**
**Williston Park, New York 11596**
**(516)535-1700**